1  Paul L. Rein, Esq. (SBN 43053)
   Celia McGuinness, Esq. (SBN 159420)
2  Catherine M. Cabalo, Esq. (SBN 248198)
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Drive, Suite A
   Oakland, CA 94612
4  Telephone: (510) 832-5001
   Facsimile: (510) 832-4787
5  E-mail: reinlawoffice@aol.com

6  Attorneys for Plaintiffs
   SEBASTIAN DEFRANCESCO, SCOTT POPE,
7  and SIMON WONG

8  LORBER, GREENFIELD & POLITO, LLP
   Lisa M. Cappelluti, Esq., SBN 176568
9  Sheryl Traum, Esq., SBN 139328
   150 Post Street, Suite 700
10 San Francisco, California 94108
11 TEL: (415) 986-0688 / FAX: (415) 986-1172
   straum@lorberlaw.com
12
   Attorneys for Defendants PPF OFF 345 SPEAR STREET, LP
13 and MORGAN STANLEY

14
   Margi C. Bell (SBN 156879)
15 Michael J. O'Connor, Jr. (SBN 202734)
   ANDREWS LAGASSE BRANCH & BELL LLP
16 11232 El Camino Real, Suite 250
   San Diego, CA 92130
17 Tel: (858) 345-5071
   Fax: (858) 345-5072
18 moconnor@albblaw.com

19 Attorneys for Defendants
   GORDON BIERSCH BREWERY RESTAURANT and
20 CRAFTWORKS RESTAURANTS AND BREWERIES, INC.

21

22                       UNITED STATES DISTRICT COURT
23
                        NORTHERN DISTRICT OF CALIFORNIA
24

25
26 SEBASTIAN DEFRANCESCO, SCOTT POPE,        Case No.: C11-00224 ~~DMR~~ YGR
   and SIMON WONG,
27                                           Civil Rights
                   Plaintiffs,
28

S:\CASES\G\GORDON BIERSCH\CONSENT DECREE\Consent Decree Final.doc

| | |
|---|---|
| 1  v.<br>2<br>3  GORDON BIERSCH BREWERY<br>    RESTAURANT; CRAFTWORKS<br>4  RESTAURANTS AND BREWERIES, INC.;<br>    PPF OFF 345 SPEAR STREET, LP; MORGAN<br>5  STANLEY; AND DOES 1-10,<br>    Inclusive,<br>6<br>7                Defendants. | CONSENT DECREE AND [~~PROPOSED~~] ORDER |

1. Plaintiffs SEBASTIAN DEFRANCESCO, SCOTT POPE, and SIMON WONG (collectively "Plaintiffs") filed their Complaint (District Court Action Number C11-00224 DMR, hereinafter, "Plaintiffs' Complaint") in this action on or about February 3, 2011, to obtain recovery of damages for alleged denial of access, denial of their civil rights and discriminatory experiences and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. sections 12101 *et seq.*, and California civil rights laws against Defendants GORDON BIERSCH BREWERY RESTAURANT; CRAFTWORKS RESTAURANTS AND BREWERIES, INC.; PPF OFF 345 SPEAR STREET, LP; MORGAN STANLEY (collectively "Defendants"), relating to the condition of their public accommodations located at 2 Harrison Street, San Francisco, California as of Plaintiffs' alleged visit on or about July 24, 2010, and continuing. Plaintiffs allege that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to the facility known as the Gordon Biersch restaurant and leased premises, located at 2 Harrison Street, San Francisco, California (hereinafter collectively referred to as the "Property").

2. Defendants GORDON BIERSCH BREWERY RESTAURANT and CRAFTWORKS RESTAURANTS AND BREWERIES, INC. (hereinafter "Gordon

Biersch") filed an Answer to Plaintiffs' Complaint on or about April 25, 2011. Defendants PPF OFF 345 SPEAR STREET, LP; MORGAN STANLEY (hereinafter the "345 Spear Street Defendants") filed an Answer to Plaintiffs' Complaint on or about March 16, 2011. Defendants' Answers generally denied Plaintiffs' claims and damages. Defendants continue to deny Plaintiffs' claims and any and all liability for damages claimed herein.

3. Plaintiffs and Defendants (hereinafter "the Parties") hereby enter into this Consent Decree and Order with the intent and for the purpose of fully and finally resolving Plaintiffs' injunctive relief claims against Defendants without the need for protracted litigation, and without admitting liability or making an admission of any kind.

**JURISDICTION:**

4. The Parties hereto agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.*, and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

5. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties hereto agree to entry of this Consent Decree and Order to resolve all injunctive relief claims against Defendants which arise out of, are related to and/or which were raised in Plaintiffs' Complaint, or which could have been raised in the Complaint, including but not limited to all specific alleged violations identified by Plaintiffs after the date of filing of their Complaint. Accordingly, the Parties agree to the entry of this Consent Decree and Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief against Defendants.

WHEREFORE, the Parties to this Consent Decree and Order hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

6. This Consent Decree and Order shall be a full, complete and final disposition and settlement of Plaintiffs' claims against Defendants for injunctive relief that relate to and/or have arisen out of the Plaintiffs' Complaint.

7. Defendants represent that they will not be renewing the lease agreement between them for the Property. The Gordon Biersch Defendants represent that the Property, which is the subject of this litigation and which is the location of Plaintiffs' alleged visit on July 24, 2010, will be discontinuing its use and function as a Gordon Biersch restaurant on or before April 30, 2012. The Gordon Biersch Defendants represent that they will move out of the Property by May 15, 2012. Thereafter, the Gordon Biersch Defendants represent that they will no longer lease, or operate at, the Property.

In addition, the 345 Spear Street Defendants (who have been sued as the overall owner and "Landlord" of the Property) represent that the Property, which has been leased for many years by Gordon Biersch for its restaurant business, will not be leased to Gordon Biersch or a business that intends to offer the space as a restaurant or "public accommodation" after May 15, 2012. The 345 Spear Street Defendants represent that they intend to lease the space to a private commercial tenant who will utilize the space for private office use.

Based on these representations, the Parties agree that the appropriate injunctive relief in this case is as follows: After April 30, 2012, The Gordon Biersch Defendants will not operate the Property as a public accommodation, if at all, unless the Property complies with all access obligations under the Americans with Disability Act, the ADA Access Guidelines, and title 24-2 of the California Building Code. After May 15, 2012, the 345 Spear Street Defendants will not lease the Property to any public accommodation (as "public accommodation" is defined under California law and the ADA) or government agency or government instrumentality, nor allow any public accommodation, government agency or government instrumentality to operate at the Property, unless the Property is in compliance with all access obligations under the Americans with

Disability Act, the ADA Access Guidelines, and title 24-2 of the California Building Code.

As part of the consideration for entering into this Consent Decree, the Parties agree (1) that if Defendants' respective representation(s) turn out to be erroneous for any reason, it/they will be grounds for potential rescission of this Consent Decree with regard to any such erroneous representation(s); (2) that if Defendants' respective representations turn out to be erroneous for any reason during the term of this consent decree and the Court has dismissed the case, the involved Defendant(s) making the erroneous representation(s) will stipulate to reopen the case for the purpose of rescinding the Consent Decree with regard to any such erroneous representation(s) and litigating any remaining injunctive relief.

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

8. No agreement has been reached between Plaintiffs and Defendants regarding Plaintiffs' damages, attorneys' fees, litigation expenses and costs (hereinafter "Plaintiffs' monetary relief claims"). Plaintiffs' monetary relief claims will be the subject of further negotiation and/or litigation. The Parties jointly stipulate and request that the Court not dismiss the case at this time as Plaintiffs' monetary relief claims remain unresolved until the Parties give further notice of resolution of the same.

**ENTIRE CONSENT ORDER:**

9. This Consent Decree and Order constitute the entire agreement between the signing Parties on the matters of injunctive relief. The issues of Plaintiffs' monetary relief claims, as well as any indemnity and/or contractual claims which may exist between the Defendants relating to Plaintiffs' Complaint, are specifically excluded and shall be the subject of further negotiations and/or litigation.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

10. This Consent Decree and Order shall be binding on Plaintiffs and upon Defendants and each of their heirs and successors in interest. Each of the Parties has a duty to notify all such heirs and successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

11. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them may incur, suffer or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. The Parties intend that this Consent Decree and Order apply to all such further loss with respect to Plaintiffs' claims which arise out of, related to and/or which were alleged in Plaintiffs' Complaint, or which could have been alleged therein. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions and causes of action asserted in Plaintiffs' Complaint, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of Plaintiffs' monetary relief claims or of any indemnity rights or other contractual rights which may exist between the Defendants.

12. Except for all obligations required in this Consent Decree and Order – and exclusive of the referenced continuing claims for Plaintiffs' monetary relief claims and Defendants' indemnity and/or contractual claims between them -- each of the Parties to this Consent Decree and Order, on behalf of themselves, and each of their officers, directors, shareholders, stockholders, parent companies, subsidiaries, affiliates, owners, co-owners, joint venturers, partners, employees, managers, agents, representatives, attorneys, insurance carriers, predecessors, successors, heirs, partners and assigns hereby fully and finally release and forever discharge each other Party and all officers, directors, shareholders, stockholders, parent companies, subsidiaries, affiliates, owners,

co-owners, joint venturers, partners, employees, managers, agents, representatives, attorneys, insurance carriers, predecessors, successors, heirs, and partners of each other Party, from all claims, demands, actions, suits and causes of action of whatever kind or nature, presently known or unknown, arising out of, related to or in any way connected with Plaintiffs' injunctive relief claims in this lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

13. This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and Order by the Court. The Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order for twelve (12) months after the date of entry of this Consent Decree and Order by the Court.

**NO ADMISSIONS & NON-ADMISSIBILITY:**

14. The Parties to this Consent Decree and Order make no admissions of any kind, whether as to each other's claims, damages, defenses, or otherwise. They each deny any and all liability as to one another. Further, this Consent Decree and Order shall only be used for the purposes of this litigation. This Consent Decree and Order shall not be used or referred to for any other purpose in any claim, action or litigation not related to and arising out of the Complaint. The Parties shall each reserve their right to argue for and against any potential use of this Consent Decree & Order in litigation related to and arising out of the Complaint.

**SEVERABILITY:**

15. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

16. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

///

///


| | |
|---|---|
| Dated: 5/10/12, 2012 | PLAINTIFF SEBASTIAN DEFRANCESCO |
| | *[signature]* |
| | SEBASTIAN DEFRANCESCO |
| | |
| Dated: _____, 2012 | PLAINTIFF SCOTT POPE |
| | _____ |
| | SCOTT POPE |
| | |
| Dated: _____, 2012 | PLAINTIFF SIMON WONG |
| | _____ |
| | SIMON WONG |
| | |
| Dated: _____, 2012 | DEFENDANT GORDON BIERSCH BREWERY RESTAURANT |
| | By: _____ |
| | Print name: |
| | Title/position: |
| | |
| Dated: _____, 2012 | DEFENDANT CRAFTWORKS RESTAURANTS AND BREWERIES, INC.; |
| | By: _____ |
| | Print name: |
| | Title/position: |

```
 1  Dated: _____, 2012          PLAINTIFF SEBASTIAN DEFRANCESCO
 2
 3                                   _____
 4                                   SEBASTIAN DEFRANCESCO
 5  Dated: 5/17, 2012                PLAINTIFF SCOTT POPE
 6
 7                                   _____
 8                                   SCOTT POPE
 9
10  Dated: _____, 2012          PLAINTIFF SIMON WONG
11
12                                   _____
13                                   SIMON WONG
14
15  Dated: _____, 2012          DEFENDANT GORDON BIERSCH BREWERY
                                     RESTAURANT
16
17                                   By: _____
18                                   Print name:
19                                   Title/position:
20
21  Dated: _____, 2012          DEFENDANT CRAFTWORKS RESTAURANTS
                                     AND BREWERIES, INC.;
22
23                                   By: _____
24                                   Print name:
25                                   Title/position:
26
27
28
```

05/08/2012 16:17  4156611506  POSTALDEPOT  PAGE 01

310-832-4787

| | | |
|---|---|---|
| 1 | Dated: _____, 2012 | PLAINTIFF SEBASTIAN DEFRANCESCO |
| 2 | | |
| 3 | | SEBASTIAN DEFRANCESCO |
| 4 | | |
| 5 | Dated: _____, 2012 | PLAINTIFF SCOTT POPE |
| 6 | | |
| 7 | | |
| 8 | | SCOTT POPE |
| 9 | | |
| 10 | Dated: 5/8/2012 | PLAINTIFF SIMON WONG |
| 11 | | [signature] |
| 12 | | |
| 13 | | SIMON WONG |
| 14 | | |
| 15 | Dated: _____, 2012 | DEFENDANT GORDON BIERSCH BREWERY RESTAURANT |
| 16 | | |
| 17 | | By: _____ |
| 18 | | Print name: |
| 19 | | Title/position: |
| 20 | | |
| 21 | Dated: _____, 2012 | DEFENDANT CRAFTWORKS RESTAURANTS AND BREWERIES, INC.; |
| 22 | | |
| 23 | | By: _____ |
| 24 | | Print name: |
| 25 | | Title/position: |
| 26 | | |
| 27 | | |
| 28 | | |

8
Consent Decree Re Injunctive Relief Claims and [Proposed] Order

S:\CASES\G\GORDON BIERSCH\CONSENT DECREE\Consent Decree Final.doc

///
///

Dated: _____, 2012

PLAINTIFF SEBASTIAN DEFRANCESCO

_____
SEBASTIAN DEFRANCESCO

Dated: _____, 2012

PLAINTIFF SCOTT POPE

_____
SCOTT POPE

Dated: _____, 2012

PLAINTIFF SIMON WONG

_____
SIMON WONG

Dated: May 4, 2012

DEFENDANT GORDON BIERSCH BREWERY RESTAURANT

By: _____
Print name: John B. Phillips
Title/position: General Counsel/SVP

Dated: May 4, 2012

DEFENDANT CRAFTWORKS RESTAURANTS AND BREWERIES, INC.;

By: _____
Print name: John B. Phillips
Title/position: General Counsel/SVP

8
Consent Decree Re Injunctive Relief Claims and [Proposed] Order

C:\Users\jphillips\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\WSADQ9OLNDIFRANCESCO - Revised CDD 4-11-12 (ACC).doc \\Cases\HARTIS\Defrancesco v. Gordon-Biersch\Settlement\Defendants proposed Consent Decree 3-13-12 draft.doc

```
 1
 2
 3   Dated: May ___, 2012            DEFENDANT CRAFTWORKS RESTAURANTS AND
                                    BREWERIES, INC.
 4
 5                                   By: _____
 6                                   Print Name: _____
 7                                   Title/Position: _____
 8
 9   Dated: May 9, 2012              DEFENDANT PPF OFF 345 SPEAR STREET, LP
10
11                                   By: _____
                                     Print Name: KEITH FINK
12
                                     Title/Position: Executive Director
13
14
15   Dated: May 9, 2012              DEFENDANT MORGAN STANLEY REAL
                                     ESTATE ADVISOR, INC.
16
17                                   By: _____
18                                   Print Name: KEITH FINK
19                                   Title/Position: Executive Director
20
21
     APPROVED AS TO FORM:
22
     Dated: May 11, 2012
23                                   LAW OFFICES OF PAUL L. REIN
24
                                     By: _____
25                                   Celia McGuinness
                                     Attorneys for Plaintiff
26                                   SEBASTIAN DEFRANCESCO, SCOTT
                                     POPE, and SIMON WONG
27
28
                                         -9-
     CONSENT DECREE AND [PROPOSED] ORDER                            C11-00224-YGR
```

Dated: May 11, 2012

LORBER, GREENFIELD & POLITO, LLP

By: /s/ Lisa M. Cappelluti
Lisa M. Cappelluti
Sheryl Traum
Attorneys for Defendants
PPF OFF 345 SPEAR STREET, LP and
MORGAN STANLEY REAL ESTATE
ADVISER, INC.

Dated: May 11, 2012

ANDREWS LAGASSE BRANCH & BELL LLP

By: /s/
Margaret C. Bell
Michael J. O'Connor, Jr.
Attorneys for Defendants
GORDON BIERSCH BREWERY
RESTAURANT AND CRAFTWORKS
RESTAURANTS AND BRWERIES, INC.

ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: _____, 2012

~~Honorable Donna M. Ryu~~
~~United States Magistrate Judge~~

Dated: May 22, 2012

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE