# COURT-ENFORCEABLE SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and General Release is made and entered into as of this 14th day of May 2012, between Plaintiffs SEBASTIAN DEFRANCESCO, SCOTT POPE and SIMON WONG, on behalf of themselves and all their heirs, executors, administrators, agents, representative, assigns, attorneys, and all other successors-in-interest (hereinafter jointly and collectively designated "PLAINTIFFS"), and Defendants GORDON BIERSCH BREWERY RESTAURANT; CRAFTWORKS RESTAURANTS AND BREWERIES, INC.; PPF OFF 345 SPEAR STREET, LP; MORGAN STANLEY REAL ESTATE ADVISOR, INC. and their predecessors, heirs, executors, administrators, agents, representatives, assigns, attorneys, and all other successors-in-interest, successors, employees, attorneys, insurers, and parent, subsidiary and affiliated companies (hereinafter jointly and collectively designated "DEFENDANTS");

WHEREAS DEFENDANTS are the owners and operators of the property and Gordon Biersch Restaurant, which constitute a public accommodation located at or near 2 Harrison Street, San Francisco, California (hereinafter referred to as the "PREMISES");

WHEREAS PLAINTIFFS filed, and there is now pending a lawsuit against DEFENDANTS entitled <u>Defrancesco v. Gordon Biersch Brewery</u> in the United States District Court, Northern District of California, Case No. C11-224 YGR (hereinafter referred to as the "ACTION"), alleging that DEFENDANTS engaged in the denial of civil rights and accessible public facilities to physically disabled persons, and personal injury damages resulting therefrom;

WHEREAS PLAINTIFFS and DEFENDANTS desire to settle PLAINTIFFS' claims for damages asserted in their Complaint filed in this ACTION and all claims and causes of action related to damages which could have been raised by PLAINTIFFS in this ACTION, and DEFENDANTS desire to settle all claims or causes of action which could have been raised between each other relating to or arising out of PLAINTIFFS' claims for damages in this ACTION;

NOW, THEREFORE, in consideration with the agreements and mutual covenants herein provided and for other good and valuable consideration, the

receipt and sufficiency of which is hereby acknowledged by the parties hereto, the parties agree as follows:

1. DEFENDANTS shall pay to PLAINTIFFS a total of $60,000 for PLAINTIFFS' alleged damages for personal injuries and civil rights violations. Three separate checks, each in the amount of $20,000, will be made payable to "PAUL L. REIN IN TRUST FOR SEBASTIAN DEFRANCESCO," "PAUL L. REIN IN TRUST FOR SCOTT POPE" and "PAUL L. REIN IN TRUST FOR SIMON WONG." DEFENDANTS agree to deliver full payment of PLAINTIFFS' damages to the Law Offices of Paul L. Rein, 200 Lakeside Drive, Suite A, Oakland, CA 94612 on or before June 13, 2012.

2. PLAINTIFFS' claims for attorneys' fees, litigation expenses, and costs in this case shall be paid by DEFENDANTS in the amount of $75,000, payable to Paul L. Rein on or before June 13, 2012.

3. In consideration of the foregoing, PLAINTIFFS for themselves, their heirs, executors, administrators, agents, representative, assigns, attorneys, and all other successors-in-interest hereby releases, acquits and discharges DEFENDANTS and their predecessors, heirs, executors, administrators, agents, representatives, assigns, attorneys, insurers, and all other successors-in-interest, employees, attorneys, insurers, and parent, subsidiary and affiliated companies, from any and all claims, demands, causes of action, obligations, damages, suits, debts, payments owed, expenses, costs, accounts, covenants, controversies, agreements, promises, judgments, injunctive claims, charges and liabilities of any nature whatsoever, including PLAINTIFFS' attorneys' fees, litigation expenses, and costs, and including those for physical injuries, mental or emotional injuries, and/or injuries of all kinds -- both known and unknown, suspected or unsuspected, in law or in equity, relating to or arising out of the ACTION or otherwise pertaining in any way directly or indirectly to the PREMISES.

4. As a further consideration and inducement for this Settlement Agreement and General Release, all parties hereby waive against each other all rights under Section 1542 of the California Civil Code or any analogous state, local, or federal law, statute, rule, order or regulation. California Civil Code Section reads as follows:

> GENERAL RELEASE – CLAIMS EXTINGUISHED. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which, if known by him or her, must have materially affected his or her settlement with the debtor.

Understanding the language of Civil Code section 1542 and being fully aware of the legal effect of the statute, the parties nevertheless expressly and specifically waive any and all rights or remedies provided by Civil Code section 1542, or any analogous state, local or federal law, statute, rule or order or regulation.

5. This Settlement Agreement and General Release is the product of negotiation by and among the parties hereto and their respective attorneys, and therefore this Settlement Agreement and General Release shall not be deemed to have been prepared or drafted by one party or another, or its attorneys, and will be construed accordingly.

6. This Settlement Agreement and General Release shall be interpreted in accordance with and in all respects governed by the laws of the State of California.

7. PLAINTIFFS and DEFENDANTS have each carefully read this Settlement Agreement and General Release and understand its content and sign it freely and voluntarily upon the advice of their attorneys.

8. PLAINTIFFS affirm that the only consideration for their execution of this Settlement Agreement and General Release are the terms stated above; that no other promise or agreement of any kind has been made to PLAINTIFFS to cause them to execute this Settlement Agreement and General Release; that they are competent to execute this Settlement Agreement and General Release; that their agreement to execute this Settlement Agreement and General Release has not been obtained by any duress; and that they fully understand the meaning and intent of this document which is that it constitutes a complete Settlement Agreement and General Release.

9. The parties further agree that this agreement shall be binding upon them and their heirs, executors, administrators, agents, representative, assigns, attorneys, and all other successors-in-interest. PLAINTIFFS warrant that they

have not assigned any portion of his claims against DEFENDANTS to any person or entity and further warrant that no persons, including relatives, have any right to PLAINTIFFS' claims against DEFENDANTS.

10. In the event that a portion or portions of this agreement are adjudicated to be invalid, such portions that are not invalid shall remain in full force and effect.

11. Except for the Consent Decree and Order, this Settlement Agreement and General Release contains the ENTIRE AGREEMENT between PLAINTIFFS and DEFENDANTS, and the terms of this Settlement Agreement and General Release are contractual and not a mere recital.

12. This Agreement may be executed in counterparts and all so executed shall constitute one Agreement which shall be binding upon all parties hereto, notwithstanding that all parties' signatures do not appear on the same page. Facsimile signatures shall have the same force and effect as original signatures.

## END OF PAGE

## SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.

AGREED.

PLAINTIFFS:

Date: 5/14/12

_____
Plaintiff SEBASTIAN DEFRANCESCO

Date: 5/14/12

_____
Plaintiff SCOTT POPE

Date: 5/14/12

_____
Plaintiff SIMON WONG

Approved as to form:

LAW OFFICE OF PAUL L. REIN

Date: 5/14/12

_____
By: Paul L. Rein, Esq.
Attorneys for Plaintiffs

AGREED.                                    DEFENDANTS:

Date: 5/14/12

_____
GREGG WHALEN (print name)
for defendant GORDON BIERSCH
BREWERY RESTAURANT
Title: DIRECTOR OF RISK MANAGEMENT

Date: 5/14/12

_____
GREGG WHALEN (print name)
for defendant CRAFTWORKS
RESTAURANTS AND
BREWERIES, INC.
Title: DIRECTOR OF RISK MANAGEMENT

Date: 5-14-12

Cassandra Knight FOR KEITH FINK
Cassandra Knight (print name)
for defendant PPF OFF 345 SPEAR
STREET, LP
Title: Executive Director

Date: 5-14-12

Cassandra Knight FOR KEITH FINK
Cassandra Knight (print name)
for defendant MORGAN STANLEY
REAL ESTATE ADVISOR, INC.
Title: Executive Director

Approved as to form:

                                        ANDREWS, LAGASSE, BRANCH & BELL, LLP

Date: __5/14/12__

                                        By: Michael J. O'Connor, Jr., Esq.
Attorneys for Defendants GORDON BIERSCH BREWERY RESTAURANT and CRAFTWORKS RESTAURANTS AND BREWERIES, INC.

 

                                        LORBER, GREENFIELD & POLITO, LLP

Date: __5.14.12__

                                        By: Lisa Cappelluti, Esq.
Attorneys for Defendants PPF OFF 345 SPEAR STREET, LP and MORGAN STANLEY REAL ESTATE ADVISOR, INC

## ORDER

Pursuant to the above Settlement Agreement and General Release, and for good cause shown, the Court shall retain jurisdiction of this action to enforce provisions of this Settlement Agreement and General Release for twelve (12) months after the date of entry of this Order by the Court, or until payment for Plaintiffs' damages, attorney fees, litigation expenses and costs are made in full, whichever occurs earlier.

Dated: ___May 22___, 2012        _____
                                  Honorable Yvonne Gonzalez Rogers
                                  United States District Judge